IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHEAL JOYCE
ADC #150227                                                                          PLAINTIFF

v.                            No. 3:24-cv-243-DPM-JTK

JUSTIN VANATA, Corporal; BRADEN
VERSER, Sergeant; THOMAS HURST,
Warden; CHRISTOPHER BUDNIK,
Warden; TERRY HOWARD, Kitchen
Sergeant; JANICE BLAKE, Disciplinary
Hearing Recorder; ROLONDA R.
SCRUGGS, Disciplinary Hearing
Recorder; RICHARD E. LEE, Lieutenant;
ZACHARY HARMON, Lieutenant;
PIGFORD, Sergeant; SHURIKA BROWN,
Grievance Coordinator; WILLIAM F.
STRAUGHN, Deputy; ROGERS, Mental
Health, Grimes Unit; MICHAEL
MORRIS, Lieutenant, Grimes Unit; and
DEXTER PAYNE, Director, ADC                                                DEFENDANTS

ORDER

On *de novo* review, the Court adopts as modified the partial recommendation, *Doc. 14*, and overrules Joyce's objections, *Doc. 18*. Fed. R. Civ. P. 72(b)(3). Here's the modification. The Court does not hold that Joyce's claims challenging the loss of good time credits are *Heck*-barred. Those claims would be barred if the loss of good time credits had the effect of lengthening Joyce's sentence. *Sheldon v.*

*Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). But it doesn't; the loss of good time only affects his transfer eligibility date. Ark. Code Ann. § 12-29-201(d); *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 730 (2006).* In any event, Joyce has failed to state a claim because he doesn't have a liberty interest in his prisoner classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

The Court withdraws the reference of Joyce's partial motion to dismiss, motion for a status update, and motion for copies. The Court rules as follows on those motions.

- The partial motion to dismiss, *Doc. 16*, is denied as moot;

- The motion for a status update, *Doc. 24*, is granted; and

- The motion for copies, *Doc. 28*, is granted. Joyce's frustration is understandable. The Court strives to work quickly and regrets the delay. The Court directs the Clerk to send Joyce a blank § 1983 form.

Joyce's equal protection claim against Corporal Vanata in his individual capacity goes forward. All other claims are dismissed without prejudice. The Court directs the Clerk to terminate as parties all defendants other than Corporal Vanata. The Court refers the case

---

* The Court notes two older Court of Appeals decisions that come out the other way, but are not precedent given their dates and designations as unpublished. Eighth Cir. R. 32.1A; *Johnson v. Reed*, 162 F.3d 1164 (8th Cir. 1998) (*per curiam*); *Early v. Blankenship*, 221 F.3d 1342 (8th Cir. 2000) (*per curiam*).

back to Magistrate Judge Kearney, who will make a recommendation on Corporal Vanata's motion to dismiss in due course.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

1 July 2025